# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| ANGIE MALLORY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00900-DGK |
| | ) | |
| AT&T, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTIONS TO REMAND AND STAY

Plaintiff filed in state court seeking relief under the Missouri Human Rights Act ("MHRA") for alleged age discrimination, disability discrimination, retaliation, and hostile work environment (Doc. 1-1). Defendant timely removed the case to this Court, and Plaintiff now moves to remand (Doc. 6), arguing the requirements of diversity jurisdiction are not met, and further to stay all proceedings in this case (Doc. 7) until after the Court rules on her motion to remand. Because Defendant has shown the amount in dispute exceeds $75,000, the motion to remand is DENIED and the motion to stay is DENIED AS MOOT.

### Standard

Diversity jurisdiction stems from 28 U.S.C. § 1332 (2012). Federal courts may hear diverse cases—that is, controversies between citizens of different states—where the amount in controversy exceeds $75,000, exclusive of interest and costs. When a case is removed to federal court with the amount in controversy not specifically plead, removal is still proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(B) (2012).

This standard requires the removing party show "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). If the removing party makes such an allegation, "remand is only appropriate if the [party seeking remand] can establish to a legal certainty that the claim is for less than the requisite amount." *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 790 (8th Cir. 2012).

## Discussion

This case is properly before the Court under its diversity jurisdiction. First, the parties are diverse. Plaintiff is domiciled in Missouri, while Defendant is a Delaware corporation with its principal place of business in Texas. Second, regarding the amount in controversy, Plaintiff's complaint seeks damages for lost income, embarrassment, humiliation, emotional distress, reputational damage, diminution in earnings capacity, and punitive damages. Defendant's notice of removal contains a sworn statement that Plaintiff earned approximately $64,000 for the 2018 calendar year, and state law allows punitive damages for as much as $500,000. Mo. Rev. Stat. § 231.111 (2017). Plaintiff has not offered any evidence to the contrary, or otherwise established to a legal certainty that her claim is for less than $75,000. Consequently, Defendant has established the amount in controversy exceeds the jurisdictional threshold.

## Conclusion

The Court DENIES Plaintiff's motion to remand (Doc. 6) and DENIES AS MOOT her motion to stay (Doc. 7).

**IT IS SO ORDERED.**

Date:  January 29, 2020   /s/ Greg Kays   
GREG KAYS, JUDGE   
UNITED STATES DISTRICT COURT