IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ANGIE MALLORY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-CV-00900-DGK |
| | ) | |
| AT&T, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION TO DISMISS**

This lawsuit arises out of Plaintiff's allegations of age discrimination, disability discrimination, gender discrimination, retaliation, and hostile work environment, all violations of the Missouri Human Rights Act ("MHRA") (Doc. 35). Now before the Court is Defendant's Motion to Dismiss Count III of Plaintiff's Second Amended Complaint (Doc. 44). The motion is GRANTED.

A court may dismiss a complaint if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the complaint, the court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). The court generally ignores materials outside the pleadings but may consider materials that are "part of the public record" and "materials that are necessarily embraced by the pleadings," including charges of discrimination filed with an administrative agency. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

Defendant moves to dismiss Plaintiff's sex-discrimination claims under Count III for

failure to exhaust administrative remedies prior to filing suit. To bring a claim under the MHRA, a plaintiff must first exhaust her administrative remedies by "giv[ing] notice of all claims of discrimination in the administrative [charge]." *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). Exhaustion allows the administrative agency an initial opportunity to investigate the discrimination and puts the employer on notice of the alleged discrimination, *Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996), and, therefore, is a "jurisdictional condition precedent to filing a civil action . . . ." Mo. Rev. Stat. § 213.075. Thus, a court may rightfully dismiss a claim for failure to exhaust administrative remedies under Rule 12(b)(6) when the plaintiff's complaint contains allegations beyond those alleged in the administrative charge. *Brooks v. Midwest Heart Group*, 655 F.3d 796, 801 (8th Cir. 2011) (affirming dismissal of "unexhausted" age-discrimination and retaliation claims where Plaintiff failed to make any allegations of age and retaliation discrimination or check the boxes for age and retaliation discrimination in the charge).

In this case, the Missouri Commission on Human Rights ("MCHR") did not have the opportunity to investigate, and Defendant was not put on notice, of any alleged sex discrimination. Indeed, Plaintiff failed to allege sex discrimination in either her initial or amended charges of discrimination before the MCHR (Docs. 45-1, 45-2). Nor did she check the box for discrimination based on "sex" in either charge. *Id*. Her failure to do so forecloses her claims. *See, e.g.*, *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) (affirming the dismissal of claims for failure to exhaust where plaintiff's administrative charge left the "race" box empty and failed to "allege any facts in the narrative section of her charge which raise the issue of race discrimination").

Count III is, therefore, DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Date:  August 19, 2020             /s/ Greg Kays
                                   GREG KAYS, JUDGE
                                   UNITED STATES DISTRICT COURT